1

2  JENNIFER INSLEY MICHERI, ESQ.
   Nevada Bar No. 010089
3  Jinsley-micheri@dennettwinspear.com
   **DENNETT WINSPEAR, LLP**
4  3301 N. Buffalo Drive, Suite 195
   Las Vegas, Nevada  89129
5  Telephone:     (702) 839-1100
   Facsimile:     (702) 839-1113
6  *Attorneys for Defendants,*
   *Progressive Direct Insurance*
7  *Company; Progressive Casualty*
   *Insurance Company*

8              UNITED STATES DISTRICT COURT

9                 DISTRICT OF  NEVADA

10  FAUSTO A. ESPINO,

11                            Plaintiff,     Case No:    2:20-cv-01697-JCM-VCF

12  vs.

13  PROGRESSIVE DIRECT INSURANCE          **STIPULATION AND ORDER TO**
    COMPANY; PROGRESSIVE CASUALTY              **CONTINUE DISCOVERY**
14  INSURANCE COMPANY; DOES 1 through 10,        **(FIRST REQUEST)**
    and ROE CORPORATIONS 11 through 20,
15  inclusive,

16                            Defendant.

17          COME NOW, the parties above named, by and through counsel, and move the

18  Honorable Magistrate Judge for an Order continuing Discovery and submit the instant Stipulation

19  in accordance with LR 6-1 and LR 26-4.  The parties have conferred and agree that an extension

20  of discovery is both necessary and warranted.

21          The parties met and conferred on January 23, 2021 pursuant to FRCP 26(f). The parties

22  have exchanged their respective FRCP Productions.  A timely proposed stipulated discovery

23  plan and scheduling order was presented to the Court, and the Court issued its Order Approving

24  Discovery Plan on October 27, 2020 [Doc 11].  The parties have conferred and agree that an

25  additional extension of time in which to complete all remaining discovery is warranted, good

26  cause exists for the extension as detailed herein.

27          An extension of time for discovery is necessary and good cause exists for the extension

28

1    pursuant to Local Rule 26-4.  Pursuant to that Rule, the parties submit the following:

2         The parties hereby request that the remaining discovery dates in this matter be continued

3    for nighty days (90) days. This Stipulation is supported by good cause and submitted prior to

4    twenty-one days before the close of discovery.

5         This Stipulation is supported by good cause.  Since the Court issued its Order Approving

6    Discovery Plan on October 27, 2020 [Doc 11], Defendant has worked diligently to complete

7    remaining discovery, but was unable to complete all necessary discovery due to the fact that

8    Plaintiff contracted and was suffering from COVID-19 after discovery began in this case, and

9    required lengthy extension of time in order to respond to written discovery, and in order for

10   Plaintiff to execute medical authorizations, which would enable Defendant to obtain his relevant

11   medical records.  In fact, Plaintiff's executed medical authorization was received by Defendant's

12   Counsel on February 2, 2021, and Plaintiff only recently served her Responses to written

13   Discovery propounded by Defendants.  As such, Defendants have been prevented in completing

14   any additional discovery due to Plaintiff's inability to act and/or meaningfully participate in

15   discovery due to his COVID-19 condition.  The parties are now working to complete necessary

16   discovery, but require time in which to do so.

17        Specifically, Defense is working with Plaintiffs' counsel to obtain all necessary medical

18   records (pre and post-accident, as well as for continuing injury claims) so that appropriate

19   medical experts may be retained, and Plaintiff submit to Rule 35 exam as appropriate, but have

20   not been able to obtain all necessary and executed, provider specific medical authorizations,

21   obtain records and schedule Rule 35 exam, and deposition of the Plaintiff due to the fact that

22   Plaintiff was ill and not able to meaningfully participate in discovery until recently, and

23   identification of all necessary medical providers.  The parties are working diligently to obtain all

24   necessary records, arrange for Plaintiff to submit to examinations and identify experts in this

25   case.

26        An extension of time in which to complete discovery is necessary, good cause exists for

27   the extension pursuant to Local Rule 26-4 and the request for extension is being made more

28   than twenty-one days prior to the close of discovery.  Thus, the parties need time in which to

1  explore these additional issues with respect to Plaintiff's claims, obtain necessary records and

2  conduct necessary depositions of relevant parties in connection with Plaintiff's claims of

3  continuing injury.

4        An extension is also warranted and good cause exists because Defendant has been

5  diligent in its efforts to obtain relevant medical records, billing, and documents (for both pre and

6  post-accident treatment and conditions) but has not yet received the records (only just received

7  executed medical authorizations from Plaintiff [on February 2, 2021] in order to obtain records),

8  and to enable the parties to gather evidence necessary in which to support any request for

9  dispositive relief in this matter, and so that the parties may adequately prepare their case in

10  anticipation of trial.

11        The parties are requesting an extension of those dates so that following receipt of an

12  executed authorization for the release of Plaintiff's relevant pre and post-accident medical

13  treatment records and bills, Defendants are able to obtain Plaintiffs' medical records and bills

14  (and in particular pre-accident records), as well as complete a review and evaluation of Plaintiff's

15  claims in connection with this matter.  Thereafter, further time is necessary in order for the

16  parties to provide an expert with relevant records for expert review and evaluation, including pre-

17  accident records and regarding prior medical conditions, followed by an independent medical

18  examination by Defendant's expert[s].

19        This Stipulation and request for extension of discovery dates is made more than twenty-

20  one (21) days before the expiration of the deadline for discovery in this case, which is currently

21  March 12, 2021.

22        **(a)**    **DISCOVERY THAT HAS BEEN COMPLETED:**

23        Counsel for the respective parties participated in a discovery planning conference

24  pursuant to Fed.R.Civ.P. 26(f).  Lists of witnesses and document productions were thereafter

25  exchanged by and between the parties.

26        Following Plaintiff's initial disclosures, Defendant propounded written discovery with

27  Responses thereto served February 1, 2021 (after length extension of time to respond due to

28  Plaintiff's illness), and Defendants are currently working to request medical records from the

3

plaintiff's identified post-accident providers, including requests for medical and billing records, but need to obtain additional, relevant pre-accident medical providers and regarding continuing injury, and are currently awaiting receipt of said records in order to retain an expert witness with respect to Plaintiff's claims.

**(b)    DISCOVERY THAT REMAINS TO BE COMPLETED:**

The parties are currently in the process of conducting written and factual discovery, followed by depositions of Plaintiff and Defendant. Additionally, the parties anticipate conducting expert discovery and parties' designations of experts, as well as additional factual and expert discovery and depositions.

**(c)    REASONS DISCOVERY WILL NOT BE COMPLETED WITHIN THE TIME LIMITS SET BY THE DISCOVERY PLAN:**

Defendants are currently in the process of obtaining Plaintiff's medical records and bills (including pre-accident records), as well as conducting a complete review and evaluation of Plaintiff's claims in connection with this matter. Further time is necessary in order for the parties to provide an expert with relevant records for expert review and evaluation, including pre-accident records and regarding prior medical conditions, followed by an independent medical examination by Defendant's expert[s]. Efforts to complete discovery in a timely fashion has been primarily complicated by the fact that the Plaintiff has been ill and unable to meaningfully engage in discovery. Counsel is working together to complete necessary remaining discovery, but require additional time in which to do so.

**(d)    PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY:**

The parties hereby stipulate and request that discovery dates in this matter be continued for an additional (90) days.

| CURRENT DATE | PROPOSED DATE |
|---|---|
| Close of Discovery:  May 12, 2021 | Tuesday, August 10, 2021 |
| Amend Pleadings/add parties:  February 11, 2021 | Wednesday, May 12, 2021 |
| Expert Disclosures: March 12, 2021 | Friday, June 11, 2021 |

4

| | |
|---|---|
| Rebuttal Experts: April 10, 2021 | Monday, July 11, 2021 |
| Dispositive Motions: June 11, 2021 | Thursday, September 9, 2021 |
| Pre-Trial Order: July 12, 2021[1] | Friday, October 8, 2021[2] |

DATED: 2/3/21

**HARRIS & HARRIS**

By _____
BRIAN K. HARRIS, ESQ.
Nevada Bar No. 7737
CHRISTIAN N. GRIFFIN, ESQ.
Nevada Bar No. 10601
1645 Village Center Circle, Suite 60
Las Vegas, Nevada 89134
Telephone:   702-985-1414
Facsimile:   702-880-4524
*Attorneys for Plaintiff,*
*Fausto A. Espino*

DATED: 2.4.21

**DENNETT WINSPEAR, LLP**

By _____
JENNIFER INSLEY MICHERI, ESQ.
Nevada Bar No. 010089
3301 N. Buffalo Drive, Suite 195
Las Vegas, Nevada 89129
Telephone:   (702) 839-1100
Facsimile:   (702) 839-1113
*Attorneys for Defendants,*
*Progressive Direct Insurance Company;*
*Progressive Casualty Insurance Company*

**ORDER**

IT IS SO ORDERED.

DATED: 2-5-2021 _____

_____
U.S. MAGISTRATE JUDGE

---

[1] In the event dispositive motions are file, the date for filing the joint pretrial order shall be suspended until 30 days after a decision of the dispositive motions.

[2] In the event dispositive motions are file, the date for filing the joint pretrial order shall be suspended until 30 days after a decision of the dispositive motions.